UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY J. RHONE<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CAPITOL POLICE,<br><br>Defendant. | Civil Action No. 11-0292 (JDB) |

## MEMORANDUM OPINION

Plaintiff Mary Rhone brings this action against the United States Capitol Police. Rhone claims that defendant, while acting as her employer, violated her rights under Title VII of the Civil Rights Act of 1964 ("Civil Rights Act"), 42 U.S.C. §§ 2000e-2000e-17 (2006), as incorporated with respect to agencies of Congress by the Congressional Accountability Act ("CAA"), 2 U.S.C. §§ 1301-1438 (2006). Now before the Court is [15] defendant's motion to dismiss plaintiff's complaint ("Def.'s Mot.") under Federal Rules of Civil Procedure 8(a) and 12(b)(6) for failure to state a claim upon which relief may granted. Upon consideration of the record, and for the reasons explained below, defendant's motion will be granted.

I. Background

Rhone, an African-American female, has been employed by defendant United States Capitol Police since June 14, 1986, and as an Employee Relations Specialist in the Office of Human Resources since 2005. Am. Compl. ¶ 8. Rhone has been involved since 2001 with a separate, ongoing class-action litigation against defendant involving claims of discrimination. See Blackmon-Malloy v. U.S. Capitol Police Board, No. 01-0221, 2007 U.S. Dist. LEXIS 19022

(D.D.C. Mar. 19, 2007), aff'd in part and rev'd in part, 575 F.3d 699 (D.C. Cir. 2009). Rhone has also filed a complaint against defendant in the Office of Compliance under the Americans with Disabilities Act for an undisclosed injury. Am. Compl. ¶ 18. She has previously filed a complaint against defendant alleging separate hostile work environment, retaliation, discrimination, and harassment claims with the Office of Professional Responsibility. Id. ¶¶ 20-21.

Several of Rhone's allegations involve conflicts with Frederick Herrera, a Senior Employment Counsel working for defendant. Rhone claims that on June 29, 2010, she was involved in a dispute with Herrera involving the status of an employee's request for advancement of sick pay. Id. ¶ 13. According to Rhone, Herrera argued that she should be removed from the process of approving further requests for advancements of sick leave, and Rhone claims that by doing so he "diluted [her] duties and responsibilities thereby limiting her chances for future positions of authority and promotions." Id.

On August 11, 2010, Herrera requested several documents from a case assigned to Rhone. Id. ¶ 17. When Rhone's supervisor gave Herrera the documents, Rhone claims Herrera "told [the supervisor] he did not want the information from the case that plaintiff worked on." Id. Rhone also claims that around this time, Herrera sent her emails that "implied Rhone did not know how to do her job." Id.

On August 17, 2010, Rhone forwarded documents to Herrera concerning an employee's leave under the Family Medical Leave Act ("FMLA") at Herrera's request. Id. ¶ 14. Rhone asserts that Herrera misrepresented the request to Rhone's supervisor as allowing the employee leave to "babysit her child," and further claims that as a result of the misrepresentation she

appeared to her supervisors to be unable to do her job and was forced to defend her decision to qualify the employee for leave under the FMLA. Id.

Rhone claims that on an unspecified date Herrera asked her to write a letter concerning an officer's request for intermittent leave and give it to a white coworker, who Rhone felt "knew very little about FMLA," for review. Id. ¶ 16. Rhone contends that a white female with Rhone's job responsibilities "never received the kind of harassment, scrutiny, or allegations of incompetence like those directed at plaintiff by . . . Herrera." Id. Rhone also claims that on several occasions, Herrera made untruthful remarks to Rhone's supervisors regarding her job performance. Id. ¶ 15.

Rhone also asserts that on August 17, 2010, Inspector Thomas Loyd and Captain Tara Neeld erroneously told an officer requesting a shaving waiver[1] that Rhone had not processed the officer's request. Id. ¶ 22. Additionally, Rhone claims that on an unspecified date Loyd and Neeld "sent emails, copying virtually everyone on the Senate division, seeking answers from Rhone regarding certain programs she is responsible for administering." Id. Rhone alleges that Loyd and Neeld are the subject of many complaints alleging racial discrimination. See id. ¶ 23.

Rhone claims that the above actions are a result of race and sex discrimination as well as retaliation for her role in the Blackmon-Malloy lawsuit and for her disability complaint; she also claims that these actions resulted in a hostile work environment. See Am. Compl. ¶¶ 34, 38, 45, 53. Rhone underwent counseling and mediation regarding her claims as required by the Congressional Accountability Act, 2 U.S.C. §§ 1401-03, and then filed a complaint in this Court

---

[1] A shaving waiver permits officers with certain medical conditions to forego shaving their beards.

requesting an award of civil damages and injunctive relief.[2] Am. Compl. ¶¶ 26-29, A-F. Defendant has moved for dismissal pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) and argues that Rhone has failed to state a claim upon which relief can be granted.

II. Standard of Review

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). "A complaint alleging facts which are merely consistent with a defendant's liability . . . stops short of the line between

---

[2] Rhone also makes a claim that defendant engaged in discriminatory behavior by allowing Herrera to participate in the mediation despite Rhone's wish that he not do so. Am. Compl. ¶ 10. This claim may not be adjudicated here because Rhone failed to exhaust her administrative remedies by engaging in counseling and mediation on this claim as required by the Congressional Accountability Act. 2 U.S.C. § 1401; see Blackmon-Malloy v. U.S. Capitol Police Bd., 575 F.3d 699, 705-06 (D.C. Cir. 2009). Rhone also, in her opposition to defendant's motion to dismiss, requests a reopening of mediation. Because Rhone's claims are being dismissed pursuant to Rule 12(b)(6), this Court will not address her request.

possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted) (citing Twombly, 550 U.S. at 557).  A pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson, 551 U.S. at 94 (internal quotation marks and citation omitted), but it, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting Iqbal, 556 U.S. at 678-79).

III.  Discussion

Rhone claims that defendant's employees unlawfully engaged in race and sex discrimination against her, retaliated against her due to her ongoing litigation and disability, and created a hostile work environment.  Defendant has moved [15] to dismiss all of Rhone's claims.

A.  Race and Sex Discrimination

Rhone claims that Herrera, Loyd, and Neeld's actions toward her constituted unlawful race and sex discrimination under the Civil Rights Act and the CAA.[3]  Rhone asserts seven instances of allegedly discriminatory conduct, including one instance where her job responsibilities were reduced, Am. Compl. ¶ 13, and six instances where Rhone claims her job performance was called into question by a superior, see id. ¶¶ 14, 15, 16, 17, 22.  Additionally, she claims that her chances for future positions of authority and promotions have been limited as a result of the discriminatory conduct. Id. ¶ 13.

Under the Civil Rights Act, a plaintiff claiming discrimination must show (1) that she is a member of a protected class, (2) that she has suffered an adverse employment action, and (3) that

---

[3] Discrimination and retaliation claims brought under the CAA are interpreted "under Title VII's familiar framework and standards." Herbert v. Architect of the Capitol, No. 09-01719, 2012 U.S. Dist. LEXIS 37129 at *8-9 n.2 (D.D.C. Mar. 20, 2012); see also Trantwick v. Hantman, 151 F. Supp. 2d 54, 62-63 (D.D.C. 2001), aff'd, No. 01-5309, 2002 U.S. App. LEXIS 4325 (D.C. Cir. Feb. 21, 2002).

the unfavorable action gives rise to an inference of discrimination.  George v. Leavitt, 407 F.3d 405, 412 (D.C. Cir. 2005).  Defendant argues that Rhone's complaint fails to establish that she suffered any adverse employment action as a result of Herrera, Loyd, or Neeld's actions.

To claim that an adverse employment action has taken place, Rhone must show "objectively tangible harm" resulting from "experienc[ing] materially adverse consequences affecting the terms, conditions, or privileges of employment."  Forkkio v. Powell, 306 F.3d 1127, 1131 (D.C. Cir. 2002).  When an employment action does not cause direct economic harm or the change in status is not obvious, "an employee must go the further step of demonstrating how the decision nonetheless caused such an objectively tangible harm."  Douglas v. Preston, 559 F.3d 549, 553 (D.C. Cir. 2009).  "Purely subjective injuries, such as dissatisfaction with a reassignment, public humiliation, or loss of reputation, are not adverse actions."  Holcomb v. Powell, 433 F.3d 889, 902 (D.C. Cir. 2006).

Rhone claims that Herrera lied to her supervisor and that as a result, her ability to sign documents was removed, materially changing her responsibilities. Am. Compl. ¶ 13; Pl.'s Opp'n to Def.'s Mot. at 8-9.  Removal of the authority to sign documents is not a "significant change" in employment status and does not rise to the level of an objectively tangible harm.  See Hunter v. Rice, 480 F. Supp. 2d 125, 132-33 (D.D.C. 2007) (failure to increase signing authority of employee and requirement that supervisors sign documents did not constitute adverse employment action); see also Forkkio, 306 F.3d at 1131 (reassignment from section chief to unit chief without reduction in pay or benefits does not constitute adverse employment action). Accordingly, removing Rhone's ability to sign documents is not an "adverse employment action" that supports a claim of discrimination.

6

Additionally, Rhone views the reduction in signing authority as an impact on her reputation. Pl.'s Opp'n at 10-11. But loss of reputation is not an "objectively tangible harm" sufficient to qualify as an "adverse employment action." Holcomb, 433 F.3d at 902. For similar reasons, Rhone's claims that the six instances where her job performance was called into question are also not adverse employment actions supporting a discrimination claim.

Finally, Rhone claims that her chances for future positions of authority and promotions were harmed by Herrera, Loyd, and Nell's actions. Rhone, however, fails to allege an instance where she was denied a promotion or passed over for an increase in authority by a similarly-situated employee. Without this, her assertions fail to demonstrate "objectively tangible harm," see Douglas, 559 F.3d at 553, and do not qualify as adverse employment actions supporting a discrimination claim.

Rhone's race and sex discrimination claims are related to conduct that does not rise to the level of an adverse employment action as required by the Civil Rights Act. See George, 407 F.3d at 412. Rhone at no point claims that any concrete employment action was taken against her, so her complaint fails to show that she suffered the tangible harm required under D.C. Circuit caselaw. Rhone's claims must therefore be dismissed for failure to state a claim upon which relief can be granted.[4]

B. Retaliation

Rhone alleges that the same factual circumstances giving rise to her discrimination claim also constitute retaliation for either Rhone's role in the ongoing Blackmon-Malloy litigation or

---

[4] Defendant has also sought dismissal of Rhone's claims pursuant to Federal Rule of Civil Procedure 8(a). See Def.'s Mot. at 1. Because Rhone's claims are being dismissed under Rule 12(b)(6), this Court need not discuss at length whether dismissal under Rule 8(a) is appropriate, but it appears that Rhone's complaint, on its face, has pled enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." See Erickson, 551 U.S. at 93.

the pursuit of her disability claims. To support a claim of retaliation, a plaintiff must show that (1) she suffered a "materially adverse action" and (2) that she had engaged in or threatened to make a discrimination claim or engage in other protected activity. See Baloch v. Kempthorne, 550 F.3d 1191, 1198 (D.C. Cir. 2008). A "materially adverse action" is one that might "dissuade[] a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006) (internal citation and quotation omitted). Materially adverse actions are "not limited to discriminatory actions that affect the terms and conditions of employment" but "may extend to harms that are not workplace-related or employment related so long as a 'reasonable employee would have found the challenged action materially adverse.'" Baloch, 550 F.3d at 1198 n.4 (quoting Burlington N. & Santa Fe Ry., 548 U.S. at 64, 68). False accusations and loss of reputation without accompanying negative employment consequences are not adverse employment actions under the Civil Rights Act. Stewart v. Evans, 275 F.3d 1126, 1136 (D.C. Cir. 2002).

The facts alleged in Rhone's complaint fail to rise to the level of a materially adverse action. In Baloch, the D.C. Circuit held that "job-related constructive criticism" and "sporadic verbal altercations or disagreements" do not constitute adverse employment actions. 550 F.3d at 1199. In that case, the court also held that reducing an employee's level of individual responsibility by requiring them to have a doctor sign all sick leave requests did not constitute a materially adverse employment action. Id. at 1198. Taking all facts pled in Rhone's complaint as true, Herrera, Loyd, and Neld lied to Rhone's supervisors resulting in harm to Rhone's reputation and a reduction in her signing responsibility. Because minor losses in job responsibility, see Baloch, 550 F.3d at 1198, and "false accusations without negative employment consequences," see Stewart, 275 F.3d at 1136, are not materially adverse actions

8

sufficient to sustain a Civil Rights Act claim for retaliation, Rhone has failed to state a claim upon which relief can be granted.  Accordingly, her retaliation claim must be dismissed.

C.  Hostile Work Environment

Finally, Rhone claims that employees of the defendant created a hostile work environment in retaliation for her involvement in the Blackmon-Malloy suit, her previous allegations of racial discrimination, and her previous allegations regarding her disability. Am. Compl. ¶ 33.  To sustain a hostile work environment claim, Rhone must demonstrate that defendant subjected her to "discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993).  Courts must "look at the totality of the circumstances, 'including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Smith v. Jackson, 539 F. Supp. 2d 116, 137 (D.D.C. 2008) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998)).  "Conduct must be extreme to amount to a change in the terms and conditions of employment." Faragher, 524 U.S. at 788.  "Offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Id.

Defendant did not subject Rhone to conduct severe or pervasive enough to sustain a hostile work environment claim.  In Barbour v. Browner, the D.C. Circuit found that an employee who had co-workers turn their backs on her in meetings, give deliberately slow responses to the employee's requests, and request confirmation of the employee's instructions failed to sustain a hostile work-environment claim on the alleged actions. 181 F.3d 1342, 1348

(D.C. Cir. 1999); see also Blue v. Jackson, No. 10-762, U.S. Dist. LEXIS 70063, at *20-24 (D.D.C. May 21, 2012) (holding that demotion and loss of job responsibilities did not sustain a hostile work environment claim); Brooks v. Grundmann, No. 08-100, U.S. Dist. LEXIS 43336, at *15-19 (D.D.C. Mar. 29, 2012) (holding that negative performance appraisals, being subjected to yelling in meetings, and reassignment to a "Team of One" did not sustain a hostile work environment claim).  The actions Rhone alleges—namely a reduction in job responsibilities and misrepresentation of her job performance to her supervisor—are likewise not severe enough to sustain a hostile work environment claim.  These "ordinary tribulations of the workplace" are not the kind of claims for which the Civil Rights Act was intended to provide a remedy.  See Faragher, 524 U.S. at 788.  Accordingly, because Rhone has failed to plead facts sufficient to sustain a claim of a hostile work environment under the Civil Rights Act, that claim must be dismissed.

IV.  Conclusion

For the reasons explained above, the Court will grant defendant's motion to dismiss.  A separate order will accompany this opinion.

/s/
JOHN D. BATES
United States District Judge

Dated:  June 07, 2012